IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CENTRAL IOWA HOSPITAL** | ) | |
| **CORPORATION**, successor-in-interest to | ) | |
| Iowa Lutheran Hospital, | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Case No. 1:07-cv-00295-RWR |
| v. | ) | |
| | ) | |
| **MICHAEL O. LEAVITT**, as Secretary of | ) | |
| Health and Humans Services, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (the "Secretary"), through undersigned counsel, hereby answers the Complaint of Central Iowa Hospital Corporation ("Plaintiff") as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Secretary answers the first unnumbered paragraph of the Complaint as follows: Admit the first sentence. The second sentence contains Plaintiff's characterization of the Complaint, which speaks for itself.

The Secretary further answers the numbered paragraphs of the Complaint as follows:

1.      Admit the first and second sentences. Deny the third sentence, except to admit that Plaintiff is a non-profit corporation located in Des Moines, Iowa, and is the successor-in-interest to Iowa Lutheran Hospital, as further described in paragraphs 24 and 30 of this Answer.

2.      Admit.

-2-

3.      This paragraph contains Plaintiff's characterization of the Complaint, which speaks for itself.

4.      Admit.

5.      Deny, except to admit that venue is proper under 42 U.S.C. § 1395oo(f)(1).

6.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

7.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

8.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

9.      Admit.

10.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

11.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

12.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

13.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

14.      This paragraph contains conclusions of law and not averments of fact to which a response is required.

-3-

15.    This paragraph contains conclusions of law and not averments of fact to which a response is required.

16.    This paragraph contains conclusions of law and not averments of fact to which a response is required.

17.    This paragraph contains conclusions of law and not averments of fact to which a response is required.

18.    This paragraph contains conclusions of law and not averments of fact to which a response is required.

19.    The Secretary lacks sufficient information to admit or deny the allegations of this paragraph.

20.    The Secretary lacks sufficient information to admit or deny the allegations of this paragraph.

21.    The Secretary lacks sufficient information to admit or deny the allegations of this paragraph.

22.    The Secretary lacks sufficient information to admit or deny the allegations of this paragraph.

23.    The Secretary lacks sufficient information to admit or deny the allegations of the first and second sentences.  Deny the third sentence, except to admit that Iowa Lutheran Hospital and Iowa Methodist Medical Center agreed to merge.

24.    Admit the first and second sentences.  The Secretary lacks sufficient information to admit or deny the allegations of the third sentence.  Deny the fourth sentence, except to admit that Iowa Hospital Corporation succeeded to Iowa Lutheran Hospital's assets and liabilities,

-4-

including Iowa Lutheran Hospital's Medicare claim for reimbursement for a loss that it

purportedly incurred in the merger transaction.  Admit the fifth, sixth, and seventh sentences.

25.     Deny.

26.     Deny the first sentence.  Deny the second sentence, except to admit that Iowa

Hospital Corporation assumed Iowa Lutheran Hospital's liabilities, which totaled $28,092,831.

The third sentence contains conclusions of law and not averments of fact to which a response is

required.  Admit the fourth sentence.  Deny the fifth and sixth sentences

27.     Deny the first and second sentences.  Deny the third sentence, except to admit that

Iowa Hospital Corporation's post-transaction governing board had nineteen members, including

six directors chosen by the board of directors of Iowa Lutheran Hospital, two additional

physicians chosen by the board of directors of Iowa Lutheran Hospital, and the President of Iowa

Lutheran Hospital.  Deny the fourth sentence, except to admit that Iowa Health System's post-

merger governing board had twenty-three members, including seven directors chosen by the

board of directors of Iowa Lutheran Hospital, two additional physicians chosen by the board of

directors of Iowa Lutheran Hospital, the President of Iowa Lutheran Hospital, and the Bishop of

the Southeastern Iowa Synod of the Evangelical Lutheran Church in America (the sole member

of Iowa Lutheran Hospital).

28.     Deny, except to admit that, in completing its Medicare cost report for the period

ending November 21, 1993, Iowa Lutheran Hospital claimed reimbursement for Medicare's

purported share of a loss related to its depreciable assets that it claimed that it had incurred in

connection with the merger transaction.

-5-

29.     Admit the first sentence.  Deny the second sentence, except to admit that, after auditing Iowa Lutheran Hospital's cost report for the period ending November 21, 1993, the Intermediary disallowed Iowa Lutheran Hospital's loss claim on the grounds, in part, that the merger was between related parties.  Admit the third and fourth sentences.

30.     Admit.

31.     Admit the first sentence.  The second sentence contains Plaintiff's characterization of Iowa Lutheran Hospital's request for a hearing before the Provider Reimbursement Review Board ("PRRB"), which has been made a part of the Administrative Record in this case, and which speaks for itself.  The third sentence contains conclusions of law and not averments of fact to which a response is required.

32.     This paragraph contains Plaintiff's characterization of the Intermediary's position paper, which has been made a part of the Administrative Record in this case, and which speaks for itself.

33.     Deny the first sentence.  The second, third, and fifth sentences contain Plaintiff's characterization of Program Memorandum A-00-76, which has been made a part of the Administrative Record in this case, and which speaks for itself.  Deny the fourth, sixth, and seventh sentences.

34.     This paragraph contains Plaintiff's characterization of the Intermediary's supplemental position paper, which has been made a part of the Administrative Record in this case, and which speaks for itself.

-6-

35.     This paragraph contains Plaintiff's characterization of the decision of the PRRB, which has been made a part of the Administrative Record in this case, and which speaks for itself.

36.     This paragraph contains Plaintiff's characterization of the October 18, 2006 letter of the CMS Office of the Attorney Advisor, which has been made a part of the Administrative Record in this case, and which speaks for itself.

37.     This paragraph contains Plaintiff's characterization of the October 25, 2006 letter of Iowa Lutheran Hospital, which has been made a part of the Administrative Record in this case, and which speaks for itself.

38.     This paragraph contains Plaintiff's characterization of the decision of the CMS Administrator, which has been made a part of the Administrative Record in this case, and which speaks for itself.

39.     This paragraph contains Plaintiff's characterization of the decision of the CMS Administrator, which has been made a part of the Administrative Record in this case, and which speaks for itself.

40.     The Secretary lacks sufficient information to admit or deny the allegations of the first sentence, except to admit that the CMS Administrator's decision constitutes the final administrative decision of the Secretary with respect to Iowa Lutheran Hospital's claim for reimbursement for its purported loss arising from the merger transaction.  The second sentence contains conclusions of law and not averments of fact to which a response is required.

41.     Admit.

-7-

42.     The Secretary hereby incorporates by reference his responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.     This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

44.     The Secretary hereby incorporates by reference his responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

46.     The Secretary hereby incorporates by reference his responses to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

48.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

50.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

52.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

-8-

53.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

54.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

56.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

58.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

60.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

62.   The Secretary hereby incorporates by reference his responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63.   This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

-9-

64.    The Secretary hereby incorporates by reference his responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.    This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

The Secretary specifically denies all allegations in Plaintiff's Complaint not otherwise answered herein.  In addition, the Secretary denies that Plaintiff is entitled to the relief requested in the prayer for relief, or to any relief whatsoever.

WHEREFORE, the Secretary requests that Plaintiff's prayer for relief be denied, that this action be dismissed, and that the Secretary be awarded his costs and such other relief as may be appropriate.

Dated: April 9, 2007

Of Counsel:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON.
Deputy Associate General
    Counsel for Litigation

DAVID HOSKINS
Attorney
Office of the General Counsel
U.S. Department of Health
    and Human Services

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney


    /s/ Joel McElvain
SHEILA M. LIEBER, Deputy Director
JOEL McELVAIN, Attorney, D.C. Bar # 448431
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 7130
Washington, D.C. 20001
Telephone:    (202) 514-2988
Fax:    (202) 616-8202
Email: Joel.L.McElvain@usdoj.gov

*Attorneys for Defendant*