IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTRAL IOWA HOSPITAL CORPORATION, successor-in-interest to IOWA LUTHERAN HOSPITAL,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL O. LEAVITT, as Secretary of Health and Human Services,<br><br>    Defendant. | CASE NO.: 1:07-CV-00295-RWR |

PLAINTIFF'S RESPONSE TO
DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, Central Iowa Hospital Corporation, successor-in-interest to Iowa Lutheran Hospital, responds to Defendant's Notice of Supplemental Authority advising the Court of a recent decision of the United States Court of Appeals for the Third Circuit in *Lehigh Valley Hosp. v. Leavitt,* 2007 WL 3226303 (3d Cir. Oct. 30, 2007).

The appellate court's opinion in *Lehigh Valley Hosp.*, upholding the disallowance of the loss claim at issue based on Medicare *bona fide* sale requirements, was designated by the Court as "not precedential," and, as such, is not regarded by the Court as a binding precedent. 3rd Cir. Internal Operating P. 5.3, 5.7.

The decision is also distinguishable from the action before this Court because the transaction from which the loss arose in *Lehigh Valley Hosp.* was a sale of assets, not a statutory merger, as in the proceeding before this Court (which is not subject to *bona fide* sale requirements). Additionally, the facts which the Court found sufficient to support the Secretary's conclusion that the hospital did not receive fair market value compensation for its assets are not present here. In *Lehigh Valley,* total compensation received for all of the hospital's

assets (assumption of liabilities of $43,748,422) was significantly less than the appraised value of the hospital's fixed and intangible assets ($62,640,000). In this matter, minimum compensation for all of Iowa Lutheran Hospital's assets – assumption of its known liabilities of $28,092,831 – was significantly greater than the appraised value of its fixed assets of $23,855,346 (there were no intangible assets) (A.R. 46, 167). This would be the case even if the value of Iowa Lutheran Hospital's construction in progress, which was not appraised, was taken into account (*Id.*).

Finally, unlike in this matter, in *Lehigh Valley Hosp.,* the Secretary's Provider Reimbursement Review Board had determined that the hospital was not entitled to Medicare reimbursement for the loss it incurred on the transaction.

        Respectfully submitted,

        CENTRAL IOWA HOSPITAL
        CORPORATION, successor-in-interest to
        IOWA LUTHERAN HOSPITAL


        /s/ Harold Belkowitz
        Harold Belkowitz (D.C. Bar #449800)
        Ober, Kaler, Grimes & Shriver
        A Professional Corporation
        1401 H Street, N.W.
        Washington, D.C. 20005-3324
        (202) 408-8400

        Plaintiff's Attorneys

OF COUNSEL:

Robert E. Mazer
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120

Dated at Washington, D.C.
this 16th day of November, 2007

- 3 -

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of November, 2007, a copy of the forgoing Plaintiff's Response to Defendant's Notice of Supplemental Authority was served by certified United States mail, postage prepaid, return receipt requested upon:

>Joel McElvain
>United States Department of Justice
>Civil Division, Federal Programs Branch
>Room 7130
>20 Massachusetts Avenue, N.W.
>Washington, D. C. 20001

>/s/ Harold Belkowitz
>Harold Belkowitz