IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTRAL IOWA HOSPITAL CORPORATION, successor-in-interest to IOWA LUTHERAN HOSPITAL,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL O. LEAVITT, as Secretary of Health and Human Services,<br><br>    Defendant. | CASE NO.: 1:07-CV-00295-RWR |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, Central Iowa Hospital Corporation, successor-in-interest to Iowa Lutheran Hospital, hereby replies to Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Defendant's Opposition") (Doc. 29).

MOTION TO AMEND

On February 1, 2008, Plaintiff filed its motion for leave to amend complaint ("Motion to Amend") (Doc. 28). Count XIII of the proposed Amended Complaint alleged that the Medicare statute required the Secretary of Health and Human Services ("Secretary") to publish a list of all manual instructions, interpretative rules, statements of policy, and guidelines of general applicability in the Federal Register at least every three months; the Program Memorandum on which the CMS Administrator's decision was based was such an authority; and that the Program Memorandum was not listed in the Federal Register until more than twenty months after it was issued. Therefore, the Secretary's final administrative determination violated the Medicare statute.

1983079v1

## DEFENDANT'S ASSERTIONS

In Defendant's Opposition, the Secretary asserted that Plaintiff's motion was futile because (1) the argument was not raised during the administrative process and was therefore waived; (2) the Secretary complied with the Medicare statute by listing the Program Memorandum in the Federal Register; and (3) Plaintiff cannot show that it was prejudiced by any failure by the Secretary to comply with the statute. Additionally, the Secretary asserted that leave to amend should be denied because of Plaintiff's undue delay.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S ASSERTIONS

### Futility

The Secretary's position that Plaintiff's failure to raise the issue below waived the argument is without merit. Plaintiff demonstrated previously that the Program Memorandum was not at issue in the administrative proceedings until the Secretary issued his final administrative determination, at which time there were no further administrative proceedings in which to challenge its application (*Motion to Amend* at ¶¶ 15-17). Unable to refute this assertion, the Secretary mischaracterized Plaintiff's position in asserting that Plaintiff argued against such waiver "because the proceedings before the agency did not address the Secretary's regulatory *interpretation* that is reflected in [the] Program Memorandum . . . ." (*Defendant's Opposition* at 5 (emphasis added)). Plaintiff asserted that the *Program Memorandum* – the authority that was required to be listed in the Federal Register – was not part of the administrative proceedings and was therefore not addressed. The fact that some of the interpretations reflected therein were raised in the course of the proceeding is not relevant as to whether the appealing provider was required to raise a procedural challenge to the Program Memorandum. Because the Program Memorandum had not been relied upon in agency proceedings until issuance of the final administrative decision, Plaintiff was not obligated to challenge the Secretary's failure to timely list it in the Federal Register therein.

Moreover, even if the Secretary might have "relevant expertise in considering" whether the Program Memorandum had been properly issued as the Secretary asserts (*see Defendant's Opposition* at 6), the Administrator did not address any of the procedural arguments that were raised before the agency, so the Secretary did not suffer prejudice from the fact that Plaintiff did not raise the issue in the administrative proceedings. Similarly, the Secretary's assertion that the Administrator was permitted to interpret regulations in the course of an adjudication (*Defendant's Opposition* at 5) is irrelevant to whether the Program Memorandum was procedurally valid, or whether that issue was required to be raised in the administrative proceedings. In sharp contrast to *Sheppard v. Sullivan,* 906 F.2d 756, 762 (D.C. Cir. 2002) referred to by the Secretary – where the administrative decision "made no citation . . . whatever" to the manual there at issue – the Administrator's decision was based on the Program Memorandum; the agency did not develop the relevant regulatory interpretations in the adjudicatory proceeding. It is purely speculation to assert, as does the Secretary, that the Administrator's decision would have been the same had the Program Memorandum not been issued (*Defendant's Opposition* at 8).

The Secretary's assertion that the amendment is futile because the Secretary "fully complied" with the statute by eventually listing the Program Memorandum in the Federal Register is inaccurate (*Secretary's Opposition* at 7). The list was published almost two years after the Program Memorandum was issued, and the statute required that a list including such pronouncements be published "not less frequently than every 3 months." 42 U.S.C. § 1395hh(c)(1)

Finally, this Court should reject the Secretary's assertion that amendment is futile because any failure to list the Program Memorandum in the Federal Register was harmless, and that Plaintiff has not demonstrated prejudice by any such failure to comply with the statutory directive. In stark contrast to a similar publication provision under the Administrative Procedure Act ("APA"), 5 U.S.C. § 552(a)(1) where Congress specified that "actual and timely notice" of an agency

pronouncement excused the agency's failure to publish it in the Federal Register, there is nothing in 42 U.S.C. § 1395hh(c)(1) or related case law that indicates that actual notice or lack of prejudice permits the Secretary to rely on an authority that he failed to publish in accordance with the statutory directive.  Similarly, APA statutory provisions that govern judicial review of agency decisions and related cases on which the Secretary relies are irrelevant to whether the Secretary is permitted to disregard the Medicare statutory provisions at issue (*Defendant's Opposition* at 7-8).

<u>Undue Delay</u>

The Secretary assets that Plaintiff's "delay in raising this new claim would prolong the final resolution of this action, particularly given that, under the reasoning of [*Via Christi Regional Medical Center v. Leavitt*, 509 F.3d 1259 (10th Cir. 2002)], it could not prevail on the arguments that it had initially raised" (*Defendant's Opposition* at 9).  This Court has stated that delay alone, is not a sufficient reason for denying leave to amend.  In determining whether "delay is undue," a court should consider the actions of other parties, and the possibility of resulting prejudice, including whether additional discovery would be required.  *Hunt v. Deputy Orthopaedics, Inc.,* Civil Action No. 03-900 (RWR), 2005 U.S. Dist. LEXIS 38665, at *2-3 (D. D.C. Sept. 22, 2005). The Secretary has not asserted that he would be prejudiced by this new claim.  No new discovery or fact finding would be required.  It is doubtful whether amendment of the complaint would delay this Court's resolution of the matter.  Finally, Via *Christi* is not binding precedent on this Court, and as explained in Plaintiff's Notice of Supplemental Authority (Doc. 26), does not require a finding in favor of the Secretary in this matter.

CONCLUSION

This Court should grant Plaintiff's Motion to Amend.

Respectfully submitted,

Dated: February 28, 2008

/s/ Harold G. Belkowitz
Harold G. Belkowitz (D.C. Bar #449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W.
Washington, D.C. 20005-3324
(202) 408-8400

Robert E. Mazer
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120

Counsel for Central Iowa Hospital
Corporation, successor-in-interest to Iowa
Lutheran Hospital

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February, 2008, I caused this document to be filed in this Court's electronic filing system, and that that filing constituted service of the document on the attorney listed below:

Joel McElvain
United States Department of Justice
Civil Division, Federal Programs Branch
Room 7130
20 Massachusetts Avenue, N.W.
Washington, D. C. 20001

/s/ Harold G. Belkowitz
Harold Belkowitz