IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTRAL IOWA HOSPITAL CORPORATION, successor-in-interest to IOWA LUTHERAN HOSPITAL,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL O. LEAVITT, as Secretary of Health and Human Services,<br><br>  Defendant. | CASE NO.: 1:07-CV-00295-RWR |

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND
RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, Central Iowa Hospital Corporation, successor-in-interest to Iowa Lutheran Hospital, advises this Court of a recent decision of the United States District Court for the Middle District of Alabama in *Flowers Holdings Co. v. Leavitt,* No. 1:01-CV-1239-WKW, 2008 WL 901189 (M.D. Ala. March 31, 2008) (copy attached) and responds to Defendant's Notice of Supplemental Authority addressing *Robert F. Kennedy Medical Center v. Leavitt,* No. 06-56367, ___ F.3d ___ (9th Cir. May 19, 2008).

*Flowers Holding Co. v. Leavitt*

*Flowers Holding Co.* related to a challenge to a determination of the Secretary of Health and Human Services ("Secretary") recapturing depreciation upon the sale of a hospital for a gain. In rejecting that challenge, the court accepted assertions made by the Secretary which were consistent with those made by Plaintiff in the case at bar, and which were inconsistent with the Secretary's position in the case at bar seeking affirmance of his decision denying Plaintiff's loss claim.

In the matter pending before this Court, Plaintiff has relied on the regulation requiring recognition of a loss incurred on a statutory merger between unrelated parties and statutory language added by the Deficit Reduction Act of 1984 ("DEFRA") that required the Secretary to recapture depreciation based on policies in effect on June 1, 1984. *Mem. Supp. Pl.'s Summ. J.* at 16-17, 38. The Secretary has defended his administrative determination based on the statutory provision for providers to be reimbursed their reasonable costs, actually incurred (*Mem. Opp'n. Pl.'s Summ. J.* at 1-2, 19, 21, 27, 36), asserted that his application of that statutory requirement was entitled to deference (*Id.* at 15-16, 22), and argued that DEFRA did not prevent the Secretary from issuing new regulations addressing recapture of depreciation or from further interpreting existing regulations. *Id.* at 41.

In *Flowers Holding Co.*, the Secretary took a contrary position and asserted that the statutory language added by DEFRA specifically required the Secretary to recapture depreciation in accordance with his regulations as they existed in 1984, despite the fact they would not result in payment of costs actually incurred. *See Flowers Holding Co.* at *5-7. The court agreed with the Secretary, holding that the DEFRA statutory provision prevailed over more general statutory language defining Medicare "reasonable cost" required to be reimbursed as the cost actually incurred, on which the plaintiff in that matter had relied. *Id.* at *6-7. Therefore, according to the court, depreciation was required to be recaptured based on the difference between the sales price for the asset and its depreciated basis.

In this matter, the Secretary strenuously avoids recognition of Plaintiff's loss claim, computed based on the difference between the consideration received for the merged entity's depreciable assets and their Medicare net book value or depreciated cost. In upholding the Secretary's position in *Flowers Holding Co.*, the court held that the recapture calculation was

required to be based on the total gain – the difference between the price received for the asset and its depreciated cost – without regard to whether that gain may have resulted from inflation and changed market conditions. *Id.* at *7-8.

*Flowers Holding Co.* demonstrates that the Secretary's position in this matter reflects an asymmetrical application of Medicare payment principles depending on whether the agency is seeking to recapture previously-made depreciation payments as the result of a gain realized on a transaction, or to deny a claim for additional depreciation based on a loss that has been incurred from a transaction.

<u>*Robert F. Kennedy Medical Center v. Leavitt*</u>

In *Robert F. Kennedy Medical Center v. Leavitt*, the court accepted the Secretary's position that a statutory merger was required to satisfy requirements for a *bona fide* sale, and that a *bona fide* sale required "reasonable consideration" and a comparison of the asset's sale price and fair market value. The court then upheld the Secretary's determination that those requirements were not satisfied in the case before it. However, contrary to the Defendant's assertion in its Notice of Supplemental Authority, the court did not find that "arm's length bargaining" was a required element of a *bona fide* sale. Additionally, the *RFK Med. Ctr.* court appears to have upheld the Secretary's position without the benefit of informal agency interpretations and testimony of prior agency officials that demonstrate that the Secretary's position was contrary to previous agency interpretations and regulatory intent. *See Mem. Supp. Pl.'s Summ. J.* at 17-18, 29-31.

Because the facts in *RFK Med. Ctr.* are distinguishable from those at bar, application of its legal principles would not require a similar result here. Unlike in *RFK Med. Ctr.*, the CMS Administrator did not conclude that the merging entity, Iowa Lutheran Hospital, did not

attempt to obtain fair market value for its assets (*J.A.* 28-30). The record demonstrates that given the significant doubt that it could survive as an independent facility, Iowa Lutheran Hospital contacted various entities, and then, after arm's-length negotiations, merged with the only entity that had any interest in the hospital. *See Mem. Supp. Pl.'s Summ. J.* at 12; *Pl.'s Reply to Def.'s Mem. Opp'n Pl.'s Mot. Summ. J.* at 19-20. Accordingly, unlike *RFK Med. Ctr.*, Iowa Lutheran Hospital did not have the opportunity to select a merger partner, and did not make such a selection based on criteria unrelated to receipt of fair market compensation. Additionally, in seeking reimbursement for its loss, Iowa Lutheran Hospital assigned approximately $6.6 million to its hospital and buildings and equipment (*J.A.* at 902). Iowa Lutheran Hospital did not assign "almost nothing" to those assets, a fact on which the *RFK Med. Ctr.* court relied in finding substantial evidence to support the Secretary's determination that the merger transaction was not a *bona fide* sale.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated May 22, 2008 | */s/ Harold G. Belkowitz*<br>Harold Belkowitz (D.C. Bar #449800)<br>Ober, Kaler, Grimes & Shriver<br>A Professional Corporation<br>1401 H Street, N.W.<br>Washington, D.C. 20005-3324<br>(202) 408-8400 |
| | Robert E. Mazer<br>Ober, Kaler, Grimes & Shriver<br>A Professional Corporation<br>120 East Baltimore Street<br>Baltimore, Maryland 21202-1643<br>(410) 685-1120 |
| | Counsel for Central Iowa Hospital Corporation, successor-in-interest to Iowa Lutheran Hospital |

- 5 -

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2008, I caused this document to be filed in this Court's electronic filing system, and that that filing constituted service of the document on the attorney listed below:

>Joel McElvain
>United States Department of Justice
>Civil Division, Federal Programs Branch
>Room 7130
>20 Massachusetts Avenue, N.W.
>Washington, D. C. 20001

>*/s/ Harold G. Belkowitz*
>Harold Belkowitz