IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTRAL IOWA HOSPITAL CORPORATION**, successor-in-interest to Iowa Lutheran Hospital,<br><br>　　　　**Plaintiff**,<br><br>　　v.<br><br>**MICHAEL O. LEAVITT**, as Secretary of Health and Humans Services,<br><br>　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:07-cv-00295-RWR<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

The defendant, Michael O. Leavitt, Secretary of Health and Human Services, respectfully submits this response to the notice of supplemental authority filed by the plaintiff, Central Iowa Hospital Corporation, on May 22, 2008 (Doc. 32). In that notice, Central Iowa asserted that the Secretary has taken a position in this case that is inconsistent with his position in *Flowers Holding Co. v. Leavitt*, 2008 WL 901189 (M.D. Ala. Mar. 31, 2008). This is incorrect.

*Flowers* involved a provider's sale of Medicare assets for more than their depreciated basis. There was no dispute that the sale resulted in a gain under the Medicare regulations. *Id.* at *1 & n.1. Unlike this case, there was no dispute whether the sale was bona fide, or whether control over the assets had truly changed. Instead, unlike this case, the provider challenged the validity of 42 C.F.R. § 413.134(f).

The provider argued that its gain was due to inflation or other changed market conditions, and that it would be contrary to the Medicare Act's "reasonable cost" standard to recapture such a gain. *Id.* at *3. It relied on an Eleventh Circuit case, which (contrary to other Circuits) had

-2-

overturned the depreciation recapture regulation for years before the effective date of DEFRA. *Id.* at *4. *Flowers* correctly rejected this argument. The court held that DEFRA resolved the Circuit split, and had ratified the existing regulatory method for depreciation recapture without adjustment for factors such as inflation. *Id.* at *7; *accord*, Def.'s Mem. in Supp. of Mot. for Summary Judgment (Doc. 17-2) at 41-42.

It should be apparent from the foregoing that *Flowers* has nothing to do with the ultimate issues in this case, or even with the arguments that Central Iowa has raised concerning DEFRA. Central Iowa argues that DEFRA requires the Secretary to show that a specific interpretation of the depreciation regulations was in place in 1984 before that interpretation could be applied to its payment claim. (Pl.'s Mem. in Supp. of Mot. for Summary Judgment (Doc. 14-2) at 38.) This claim is incorrect, for the reasons that the Secretary has shown in his brief in support of his summary judgment motion (at pages 41-42). *Flowers* did not involve any similar claim that

-3-

DEFRA froze all of the Secretary's policies into place as of 1984. Accordingly, no part of the discussion in that case is in any way inconsistent with the Secretary's position here.

| | |
|---|---|
| Dated: June 16, 2008 | Respectfully submitted, |
| Of Counsel: | GREGORY G. KATSAS<br>Acting Assistant Attorney General |
| THOMAS R. BARKER<br>Acting General Counsel | JEFFREY A. TAYLOR<br>United States Attorney |
| JANICE L. HOFFMAN<br>Associate General Counsel | |
| | ___/s/ Joel McElvain___ |
| MARK D. POLSTON.<br>Deputy Associate General<br>  Counsel for Litigation | SHEILA M. LIEBER, Deputy Director<br>JOEL McELVAIN, Attorney, D.C. Bar # 448431<br>United States Department of Justice<br>Civil Division, Federal Programs Branch |
| DAVID HOSKINS<br>Attorney<br>Office of the General Counsel<br>U.S. Department of Health<br>  and Human Services | 20 Massachusetts Ave., NW, Room 7130<br>Washington, D.C. 20001<br>Telephone:  (202) 514-2988<br>Fax:  (202) 616-8202<br>Email:  Joel.L.McElvain@usdoj.gov |
| | *Attorneys for Defendant* |